Next matter is Integris Risk Retention Group v. Capital Region Orthopaedics. Good morning, Counsel. Good morning, Your Honors. Attorney Brown, you have reserved three minutes for rebuttal. That is correct. Before I start, I just need to inform the court I recently, five weeks ago, had back surgery. Nine hours worth. And while I intend to be able to stand up here at the full time, there may come a time when I just need to sit down. And that's fine, Counsel. I just want to make sure if we do that, give us a minute to move the microphone so that we're able to hear you. Thank you. Thank you so much, Your Honor. This case arises out of, we represent Capital Region Orthopaedics Associates. They are a group of 35 orthopaedic surgeons up in the Albany area. And they purchased policy of insurance from the Integris Risk Retention Group to cover any malpractice exposure that they may have. And the Integris tried to, they brought a declaratory judgment action to terminate all of their obligations under their policy, policy that covered 35 orthopaedic surgeons and other medical professionals, nurses, physicians, assistants. And they brought this declaratory judgment to disclaim any obligation toward the insured. And the insured defended against that declaratory judgment action and prevailed. And we believe that the law is that where an insurer brings a declaratory judgment action, including one such as this, against not just a single defendant, insured rather, but 35 insureds, and brings a declaratory judgment to terminate that obligation, that in defending that, if the insureds are successful, which we were, that we are entitled to our attorney's fees. And I believe that your case of U.S. Underwriters Insurance Company against City Club Hotel is dispositive here. In that case, the Second Circuit noted a division in interpreting the relevant law and certified the following questions to the court. As is the case here, the issue is about attorney's fees. Whether in a case in which an insurance company has brought a declaratory judgment action to determine that it does not have obligations under the policy, but has defended in the underlying suit a defendant prevailing in the declaratory judgment action should be awarded attorney's fees expended in defending against the action. That was a certified question to the New York Court of Appeals by this court. The Court of Appeals of New York responded that they accepted, I'm quoting, We accepted certification, citing 2 New York 3rd 787-2004, and now answer the first question in the affirmative. So that the question is really the same here as was there. And I understand that you're relying on Mighty Midget and the carve-out exception under that case. I do have a question about the standard of review. You argue it's de novo. Integris argues that, your opponents argue that it's abuse of discretion. But we have case law in this circuit that says that it is an abuse of discretion for the court to apply the incorrect legal standard. And since your claim is that the court did precisely that by not applying the carve-out, is there really then a distinction between what you're both arguing? Because in essence, if we apply the abuse of discretion standard, which says it's an abuse of discretion to apply the wrong legal standard to the underlying merits of the claim, aren't we really in the same place? Yes, I think that that is exactly right, Your Honor. I think that that. So either way, your position doesn't really change because even if it is an abuse of discretion, your claim is it was here because the court did not apply this carve-out exception, that when it's the insurance company that initiates the suit to say we have both no duty to defend, although that's a separate issue, but no duty to defend and no duty to indemnify, that if they lose, then there's a carve-out exception for attorney's fees. That's in essence your claim under my dimensions, right? That's right. Where an insurance company brings a declaratory judgment to say we don't owe any obligation under a policy that we issued, and the insured then defends against it and prevails, that the insured is entitled to their attorney's fees, and we think that the U.S. Underwriters case against City Club Hotel is dispositive on that issue, and so we believe that we're entitled to our attorney's fees. But the general rule is that when there's a dispute of coverage, there's no entitlement to fees. The exception is, you claim, is based on Mighty Midgets, and the case you just cited is that when the insurance company initiates that. That's correct, and brings a declaratory judgment action. And, again, I mean, under Mighty Midgets, we were certainly put in a defensive position. Mr. Brown? Yes. Mighty Midgets was a lawsuit by the insured seeking a declaration of coverage, and it seems to me that the New York Court of Appeals has drawn a distinction between who the plaintiff is, because in U.S. Underwriters, that was a lawsuit by the insurance company seeking a declaration that they had no duty to defend or indemnify, which is parallel to your case, whereas Mighty Midgets was a situation where the insurer had gotten a declination of coverage and then immediately brought a declaratory judgment action seeking a determination of that. And so while my colleague mentions it as a carve-out, it seems to me that the New York Court of Appeals has recognized it's a materially different circumstance when the insurer says, well, we have this insurance contract, but I don't have any duty under the insurance contract to defend, notwithstanding the fact that they were actually providing a defense to your client in the state court action at the time. And, in fact, as far back as Judge Breitel's decision in Johnson versus General Mutual Insurance, they characterized it as a breach of a duty and characterized the cost as damages arising from that breach. And so it seems to me it's not necessarily carve-out, but a recognition of a fact that these are damages that arise from a breach of the duty to defend in the main action. Is that your view? I think that that's right. And the court also held that the defendant prevailing in the declaratory judgment action should be awarded its attorney's fees. And that's what we're fighting over here. We believe they're entitled, having defeated a very significant — this isn't a declaratory judgment action, one insurance company against one insurer. This is a major declaratory judgment action against 35 orthopedic surgeons, saying, you know, we don't have any obligations to you under the policy that we gave you. And having said that, having defeated that action, the cases say that we're entitled to our attorney's fees incurred in defending against that action. Okay. I see your time is gone — passed. We're over time. You have reserved, Attorney Brown, three minutes. Thank you for rebuttal. Thank you. Good morning, Your Honors. May it please the Court. I am Lee Siegelf with the law firm Hurwitz & Fine, and we represent the Plaintiff Appellee Integrous Risk Retention Group in this case. There was a lot of discussion during my colleague's presentation about using the words should be and entitled, but those aren't the words of the case law. The words of the case law from New York State, from the Mighty Midgets case, including the City Hotels case, is that a prevailing insured who has been put in a defensive posture may be entitled to attorney's fees. Not, as counsel said, should be or is entitled to. Excuse me, counsel. Let me read to you from United Underwriters. Given the expense incurred by Shelby in defending against the declaratory judgment action arose as a direct consequence of U.S. Underwriters' unsuccessful attempt to free itself of the policy obligations, Shelby is entitled to recover those expenses from the insurer. That's Judge Smith's words. Are you telling me that I'm imagining that? Judge Wesley. You said the court never used those words, and I'm just giving you Judge Smith's words. Judge, there are actually three different words. Your Honor has correctly read the holding of the decision. Right. Let me point out. Thank you very much. My point, Your Honor, is that the certified question that this court asked the Court of Appeals used the term, asked the question, should be, should attorney awards, should be awarded. And in stating the rule, the New York Court of Appeals restated the rule under Mighty Midgets. Mighty Midgets is a different fact pattern and is where an insurer looks for a declaration as to whether there is or is not coverage. Underwriters, in this case, in a case called Johnson v. General Mutual, is where the insurance company brings an action that says, we want a declaratory judgment that we do not have to defend. And the question is, is that action then in some way a breach of the duty of the contract? And the courts have always, New York courts have always used words in the context of like, yes, the very action itself which seeks that causes a breach of the duty to defend when the insurer perseveres. Judge Breitel characterized it over 60 years ago. He says, the expense of defending the declaratory judgment of the actions arose as a direct consequence of the insurer's breach of its duty to defend the underlying tort actions. That's at page 49 to 50 of the opinion. How much clearer can it be? Your Honor, because this is an exception to the American rule, and as the Court of Appeals in New York says This is not about the American rule. This is about a breach of contract. And that's why the court characterizes it as such. And it's a simple question of damages that arise from the breach of contract. Your Honor, if that were the case, then the case law wouldn't use the word may. It would say entitled. It would say it was required. But that's not what the case law says. In the underlying tort action, if you weren't defending them, and they had attorney's fees and ultimately it was decided that you had to defend them, you'd be responsible for those attorney's fees, wouldn't you? That is correct, Your Honor. All right. And your renunciation of your responsibilities to defend in which you went to a court and said, we don't have to, in which they then had to have an attorney represent them to be successful in finding out that your renunciation was wrong, the court has always characterized that when you go to court and seek that renunciation as a breach of the agreement, and therefore they have damages that arise from that. Your Honor, it's integrity.  The case law repeatedly uses the term may and not shall, and that the awarding of attorney's fees are not automatic. We have cited cases in our briefing. Granted, they are not insurance-related cases. One case, Chen versus — Can you cite me a case where the insurer brought the declaratory judgment action and the insurer persevered? I cannot, Your Honor. Thank you. Your Honor, it's integrity's position that the case law instills discretion in the decision as to whether to award attorney's fees, that they are not automatic. The district court here, having seen all of the proceedings, all of the arguments, citing City Club Hotel, which is the correct statement of law, shows in the district court's discretion not to award attorney's fees. We only have one clause of a footnote to understand what the district court's thinking was. And I guess that's part of my problem is that it feels like the district court thought it didn't have the authority to award — that it should not award attorney's fees. That's part of the problem here, isn't it? I mean, you're throwing a — you're imputing that the court used its discretion because you argue that it's discretionary and not mandatory. But leave that aside for a moment. It certainly feels like, addressing it in the footnote, the court thought it had no authority and it shouldn't because of the issue of indemnification. Your Honor, it's not my place to get into Judge Narducci's head as to what she was thinking. There are a range of things that she could have been thinking. As Your Honor pointed out, she may have misapplied the law. However, she may have decided that in the context of the insurance application here, which is — although it's not part of this appeal, as my colleague stated, the issue on this underlying case was that there were gross misrepresentations in an insurance application. And the point that the court ultimately concluded in the underlying case, which we are not appealing from, was that because the misrepresentations were so numerous that we, my client, lost the right to rely on the truthfulness of the application. So within that context, the court very well may have been saying, in its discretion, in that context, they're not entitled to their attorney's fees. But that is all of our speculation as to what the trial court intended when it reached that decision. It is our position that the court had the discretion. Under the case law in this circuit, there are the decisions in which this court has applied to no full review of an award of attorney's fees, which were pointed out in the appellant's case law briefing, in the reply brief. And I speak mostly to Baker Health Management Systems, which also cited Mautner v. Hirsch, and Lilly v. City of New York. In those three cases where this court applied to no full review to the denial of attorney's fees, it was to the legal question of an entitlement to fees, and not whether the court had applied the right rule of law, had calculated fees correctly, or determined that they were entitled to fees. But in Baker Health specifically, there was no dispute about the fees. Instead, there was a legal objection as to whether there was a legal right to what we call fees on fees. The same thing in Lilly v. City of New York. A de novo standard was applied as to the legal standard to be used. But we all agree what the legal standard to be used is. The trial court noted the correct legal standard, and therefore we're left having applied the correct legal standard. Then it's a question of abusive discretion, and it is our opinion that in the context- The district court in denying attorney's fees cited U.S. underwriters. That's the citation that immediately follows the reference to denial of attorney's fees. What part of U.S. underwriters requires denial? Your Honor, it's our position that it doesn't require denial, that the use of the term may. The question that was presented by this court was, should be. New York Court of Appeals stated the rule as may be, and then it reached its holding as to Shelby, and held that Shelby is entitled to. Three different terminologies. The court applying the may be awarded standard, chosen its discretion not to award attorney's fees. Is that discretionary standard apparent on the page? It is not, Your Honor. That is cited by the district court. It is not, Your Honor. We are left to wonder as to how the court ultimately reached its decision. If there are no other questions, thank you for your time. I see none. Thank you, counsel. Yes, Your Honor, just very briefly. You know, this court noted in U.S. Underwriters Insurance Company against CityCorp that it noted a division in interpreting the relevant law and certified the following question to this court being the New York Court of Appeals. Whether in a case in which an insurance company has brought a declaratory judgment action to determine that it does not have obligations under the policy, such as what we have here, but has defended in the underlying suit a defendant prevailing in the declaratory judgment action should be awarded attorney fees expended in defending against the declaratory judgment action. And the court answered, we accepted certification, that's the New York Court of Appeals saying from this court, and now answer the first question in the affirmative, i.e., that they are entitled in defending that declaratory judgment. And your point is the certified question is should, not may. Correct. Very significant difference of language. And that they should be entitled to their attorney's fees. And I have nothing else unless the court has questions for me. Seeing none, thank you. Thank you, counsel, for both sides. We will reserve a decision on this matter. Thank you both. Thank you, your honors.